# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

KFC CORPORATION and
KFC U.S. PROPERTIES, INC.,

      Plaintiffs,

v.

ZUBAIR M. KAZI

      Defendant

Civil Action No.   3-12-cv-564-H

## COMPLAINT

Plaintiffs KFC Corporation ("KFCC")[1] and KFC U.S. Properties, Inc. ("KFC USP"), for their complaint against Zubair M. Kazi, (the "Defendant") state as follows:

## THE PARTIES

1. Plaintiff KFCC is a corporation organized under the laws of the State of Delaware, with its principal place of business in Louisville, Kentucky.

2. Plaintiff KFC USP is a corporation organized under the laws of the State of Delaware, with its principal place of business in Louisville, Kentucky.

3. Defendant Zubair M. Kazi is an individual residing in St. Thomas, U.S. Virgin Islands, a territory of the United States.

## JURISDICTION

4. This court has original jurisdiction over the claims alleged herein pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

---

[1] References to KFCC relate to the corporate entity and to legal issues. Hereinafter, there are also references to "KFC," which are brand-related references.

5.      Personal jurisdiction over the Defendant is proper pursuant to his consent to Kentucky jurisdiction contained in a settlement agreement between the parties.

6.      Personal jurisdiction over the Defendant is also proper under Kentucky's long-arm statute (KRS § 454.210), because this action arises out of, and involves, the enforcement of contracts executed in Kentucky and governed by Kentucky law, with payments under the contracts to be made to KFCC in Kentucky, the breach of which causes injury to KFCC in Kentucky.

## FACTS

### Guarantor Obligations

7.      For decades, KFCC has operated, and has licensed, KFC franchisees to operate, restaurants under the "Kentucky Fried Chicken" and "KFC" names, with franchisees operating pursuant to a valid franchise agreement and within KFCC's franchise system.

8.      The Defendant, Zubair M. Kazi, is the sole shareholder and control person for five former KFC franchisees: Kazi Foods of Annapolis, Inc. ("Kazi Annapolis"), Kazi Foods of Florida, Inc. and Kazi Foods of Key West, Inc. (collectively, "Kazi Florida"), Kazi Foods of New York, Inc. ("Kazi New York"), and Kazi Foods of Michigan, Inc. ("Kazi Michigan"), collectively the "Franchisees."

9.      Each of the Franchisees owned and operated a number of KFC restaurants. (collectively the "Restaurants").

10.     Zubair M. Kazi (the "Guarantor") signed a personal guaranty agreement for each of the KFC Restaurants operated by the Franchisees on the dates identified for each such Restaurant in Exhibits A through D, attached hereto.

11.     A true and correct copy of the guaranty agreement for Restaurant H730018 is attached as Exhibit E. The guaranty agreements for the other Restaurants are identical to Exhibit

E in all pertinent respects. Collectively, the guaranty agreements for all of the Restaurants will be referred to as the "Guaranty Agreements."

12. Pursuant to the terms of the Guaranty Agreements, the Guarantor agreed to personally guarantee the performance, payment, and discharge of all of the Franchisees' indebtedness and contractual obligations relating to or arising out of the operation of a KFC restaurant at each of the Restaurant locations.

### The Franchise Agreements

13. KFCC issued Kentucky Fried Chicken Franchise Agreements to Kazi Annapolis for the operation of KFC restaurants on the dates and at the locations identified on Exhibit A.

14. A true and correct copy of the franchise agreement for the H730018 Restaurant is attached as Exhibit F. The franchise agreements for Kazi Annapolis's other restaurants are identical in all pertinent respects to the franchise agreement attached as Exhibit F.

15. KFCC issued Kentucky Fried Chicken Franchise Agreements to Kazi Florida for the operation of KFC restaurants on the dates and at the locations identified on Exhibit B.

16. The franchise agreements for Kazi Florida's restaurants are identical in all pertinent respects to the franchise agreement attached as Exhibit F.

17. KFCC issued Kentucky Fried Chicken Franchise Agreements to Kazi New York for the operation of KFC restaurants on the dates and at the locations identified on Exhibit C.

18. The franchise agreements for Kazi New York's restaurants are identical in all pertinent respects to the franchise agreement attached as Exhibit F.

19. KFCC issued Kentucky Fried Chicken Franchise Agreements to Kazi Michigan for the operation of KFC restaurants on the dates and at the locations identified on Exhibit D.

20. The franchise agreements for Kazi Michigan's restaurants are identical in all pertinent respects to the franchise agreement attached as Exhibit F.

21. All of the Franchisees' KFC franchise agreements identified on Exhibits A through D will be referred to collectively as the "Franchise Agreements."

**Franchisees' Obligations to Pay Royalties**

22. Pursuant to the terms and limitations of the Franchise Agreements, KFCC granted the Franchisees a license to operate the Restaurants as KFC restaurants and to sell KFC brand chicken and other KFC proprietary food products at the Restaurants.

23. The Franchisees were obligated by the terms of the Franchise Agreements to pay a percentage of their gross revenues as royalties to KFCC on a monthly basis in consideration for the license granted by KFCC to operate the Restaurants. Franchise Agreements ¶ 8.1, Exhibit F.

**Franchisees' Obligations to Make Advertising Payments**

24. The Franchisees were also required by the terms of the Franchise Agreements to join, participate in, and make payments to one or more Approved Local Co-Ops for advertising and marketing activities. Franchise Agreement ¶¶ 10.1, 10.4, Exhibit F.

25. Pursuant to the Franchise Agreements, the Franchisees joined the following Approved Local Co-Ops:

    (a) Kazi Annapolis joined the KFC Baltimore Local Advertising Co-Op and the KFC Washington Adv. Co-Op.

    (b) Kazi Florida joined the South Florida KFC Co-Op.

    (c) Kazi New York joined the KFC Big Apple Ad Group, the KFC Syracuse Co-Op, and the KFC Utica Co-Op.

   (d)  Kazi Michigan joined the Flint/Saginaw/Bay City KFC Advertising Co-Op, and the Kentucky Fried Chicken Dealers Association of Wayne, Oakland, Washtenaw and Macomb Counties of Michigan.

26. The Franchisees' obligations to the Local Co-Ops were for the benefit of KFCC and, pursuant to the terms of the Franchise Agreements, may be enforced by KFCC. Franchise Agreement ¶ 10.5, Exhibit F. Collectively, all of the Franchisees' Approved Local Co-Ops will be referred to as the "Local Co-Ops."

### The Franchisees' Defaults on Payment of Franchise Fees

27. The royalty payments due to KFCC as described above and the advertising payments due to the Local Co-Ops as described above will be referred to collectively as the "Franchise Fees."

28. The Franchisees have failed and refused to pay all the required Franchisee Fees to KFCC and the Local Co-Ops for certain of the Restaurants during their operation as KFC restaurants as required by the Franchise Agreements.

### The Franchisees' Obligations to Make Equipment Lease Payments

29. Each of the Franchisees also entered into third party leases of special grilled chicken ovens required to prepare certain KFC approved products, entitled "Master Equipment Lease Agreement" and schedules of payments for each of the Restaurants (collectively, the "Equipment Leases"). True and correct copies of the Equipment Leases are attached as Exhibits G through J.

30. The Equipment Leases state that KFCC shall be a guarantor of the Franchisees' obligations for the Equipment Leases. Equipment Leases ¶16, Exhibits G through J.

31. The Franchisees have failed and refused to pay all the required payments under the Equipment Leases.

32. As a result of the Franchisees' failure to pay all Equipment Lease obligations, KFCC has become liable for, and has been required to pay, the Franchisees' Equipment Lease obligations.

33. KFCC is entitled to recover the payments it has been required to make for the Franchisees' Equipment Leases from the Guarantor.

### The Franchisees' Obligation to Make Restaurant Lease Payments

34. As identified on Exhibits B through D, Kazi Michigan, Kazi Florida, and Kazi New York leased certain of the Restaurants they operated as KFC restaurants (collectively, the "Leased Restaurants").

35. Under the terms of the leases for the Leased Restaurants, KFC USP was either the sub-lessor or contingently liable for the lease payments for the Leased Restaurants.

36. The Franchisees failed to make all lease payments for the Leased Restaurants.

37. As a result of the Franchisees' failure to pay all obligations, KFC USP has become liable for, and has been required to pay, the Franchisees' unpaid rent, rent for the remaining lease terms, termination fees, property taxes, and other amounts due under the leases for the Leased Restaurants.  Collectively, the liabilities for the Leased Restaurants will be referred to as the "Restaurant Lease Obligations."

### The Franchisees' Bankruptcy and Obligations to De-image the Restaurants

38. Kazi Florida and Kazi Michigan filed for bankruptcy on February 17, 2011, and Kazi New York and Kazi Annapolis filed for bankruptcy on March 21, 2011 (collectively, the

"Bankruptcy").  This Complaint does not seek damages against any of the Franchisees.  Rather, this Complaint is only against the Defendant as Guarantor of the Franchisees' obligations.

39. In the resolution of the Bankruptcy, certain of the Restaurants were closed.

40. Upon closure of the Restaurants, the Franchisees were required by the terms of the Franchise Agreements to promptly de-image the Restaurants (renovate or refurbish) by removing all KFC trade dress and KFC trademarks giving them their distinctive appearance as KFC restaurants.  Franchise Agreements ¶ 3.4, Exhibit F.

41. The Franchisees have failed to fully comply with their obligations to de-image the Restaurants closed as a result of the Bankruptcy.

42. As a result of the Franchisees' noncompliance, KFCC has incurred costs to de-image the closed Restaurants (the "De-image Costs").

## COUNT I
### (Breach of Guaranty Agreements)

43. Pursuant to the terms of the Guaranty Agreements, the Guarantor agreed to personally guarantee the performance, payment, and discharge of all of the Franchisees' indebtedness and contractual obligations relating to or arising out of the operation of a KFC restaurant at each of the Restaurant locations.  Guaranty Agreements, Exhibit E.

44. The Franchisees have failed and refused to pay their Franchise Fee obligations, Equipment Lease obligations, Restaurant Lease Obligations, and the De-image Costs for the Restaurants (collectively, the "Failed Payments").

45. Further, in the Bankruptcy, the Franchisees sought to discharge all liability for all indebtedness and contractual obligations relating to or arising out of the operation of the Restaurants as KFC restaurants, including liability for the Failed Payments.

46. The Failed Payments relate to and arise out of the operation of the Restaurants as KFC restaurants.

47. The Franchisees' Failed Payments arising out of their operation of the Restaurants as KFC restaurants is approximately eleven (11) Million Dollars ($11,000,000).

48. The Plaintiffs have demanded that the Guarantor pay the Franchisees' Failed Payments arising from the operation of the Restaurants pursuant to the terms of the Guaranty Agreements.

49. To date, the Guarantor has failed and refused to pay the Franchisees' Failed Payments as demanded and as required by the terms of the Guaranty Agreements.

50. Consequently, the Guarantor has breached his obligations under the Guaranty Agreements and is liable for all Failed Payments.

51. KFCC and KFC USP are entitled to judgment against the Guarantor in the full amount of all Failed Payments.

52. KFCC is also entitled to recover a late payment charge at the rate of one and a half percent (1½%) of all royalties for each month during which the required royalties were due and unpaid. Franchise Agreements ¶ 8.3, Exhibit F.

53. KFCC is also entitled to recover a late payment charge equal to fifteen percent (15%) of the amount of Equipment Lease payments not timely paid, plus bank charges, administrative costs and charges, and interest as required by the Equipment Leases.  Equipment Leases, Exhibits G through J.

54. In addition to judgment entered in their favor, the Plaintiffs are entitled to recover their reasonable attorneys' fees, court costs and expenses in connection with this action and the Bankruptcy. Franchise Agreements ¶ 20.3, Exhibit F; Guaranty Agreements, Exhibit E.

## COUNT II
### (Indemnity)

55. The Franchisees' and Guarantor's failure to de-image the closed Restaurants and failure to pay third parties as required by the Franchisees' Equipment Leases, Restaurant Leases, Franchise Agreements, and Guaranty Agreements has exposed the Plaintiffs to liability to third parties to satisfy the Franchisees' contractual obligations to those third parties.

56. The Plaintiffs have been required to pay the third parties as a result of the Franchisees' and Guarantor's breach of their contractual obligations to make such payments, and, therefore, are entitled to be indemnified by the Defendant for all such payments.

57. KFCC and KFC USP are entitled to judgment against the Guarantor, and the Guarantor is liable for all payments made by the Plaintiffs for: (a) Equipment Leases, (b) Restaurant Lease Obligations, and (c) De-image Costs.

WHEREFORE, the Plaintiffs demand judgment for the following relief:

(a) Judgment in favor of Plaintiffs against the Guarantor for: (a) all unpaid Franchise Fees for the period while the Restaurants operated as KFC restaurants, plus late payment charges, (b) all Equipment Lease obligations that were not paid by Franchisees, plus late payment charges and interest, (c) all Restaurant Lease Obligations not paid by Franchisees and which become due and owing, plus any interest and late charges, and (d) all De-image Costs;

(b) An award of Plaintiffs' costs, attorneys' fees, expenses, pre- and post-judgment interest and any and all such other relief as it may be entitled against the Guarantor;

(c) An order requiring the Defendant to file with the Court and serve on Plaintiffs' counsel an accounting and report of all sales made at or from the Restaurants beginning from the date of the Defendant's default in payment of Franchise Fees until the Defendant ceased operations of the Restaurants;

(d) Leave to file an amended pleading, should justice require it; and

(e) Any additional relief to which the Plaintiffs may be legally entitled.

Respectfully Submitted,

s/ *Margaret Grant*
Charles J. Cronan, IV
ccronan@stites.com
(502) 681-0430
Margaret Grant
pgrant@stites.com
(502) 681-0503
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202
Counsel for Plaintiffs KFC Corporation and KFC U.S. Properties, Inc.

YU065:YU182:890892:2:LOUISVILLE