UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-564-H

KFC CORPORATION                                                                PLAINTIFF

V.

ZUBAIR M. KAZI                                                                 DEFENDANT

****

CIVIL ACTION NO. 3:13-CV-291-H

KFC NATIONAL COUNCIL & ADVERTISING
COOPERATIVE, INC.                                                              PLAINTIFF

V.

ZUBAIR M. KAZI                                                                 DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, Zubair Kazi, is the founder, Chairman, and CEO of Kazi Foods, Inc. Prior to a recent bankruptcy, four Kazi franchisee entities[1] operated 142 KFC restaurants in several states. Kazi personally signed guaranty agreements for each restaurant ("the Guaranties"), promising to repay to KFC Corporation ("KFCC") any unpaid debts incurred by his franchisee entities under the various franchise agreements signed between KFCC and the Kazi entities.

In an August 2014 Memorandum Opinion, this Court found that the Guaranties were enforceable. However, questions remained as to (1) whether Kazi could conduct discovery on certain affirmative defenses and (2) the full extent of KFCC's recoverable damages. The most significant issue is whether the bankruptcy proceedings involving the Kazi entities bar Kazi

---

[1] These entities—Kazi Foods of Florida, Inc. ("Kazi Florida"), Kazi Foods of New York, Inc. ("Kazi New York"), Kazi Foods of Annapolis, Inc. ("Kazi Annapolis"), and Kazi Foods of Michigan, Inc. ("Kazi Michigan")—are not parties to this litigation.

himself from now asserting affirmative defenses to the debt. After careful consideration, the Court determines that Kazi is precluded from raising his affirmative defenses. Therefore, discovery is unnecessary.

I.

The original Memorandum Opinion included a detailed statement of facts; so the Court only includes facts needed to understand the present opinion. The franchisee entities whose obligations Kazi guaranteed operated 142 restaurants in several states. Each franchisee entity filed for Chapter 11 bankruptcy in February and March 2011 in the Eastern District of Michigan. Eventually, the cases were consolidated into one proceeding. While in bankruptcy, the franchisees retained a Chief Restructuring Officer (the "CRO"). Many of the restaurants continued operating under the CRO's direction until February 2012.

KFCC was unwilling to allow the franchisees to assume franchise agreements.[2] Since restructuring was therefore not an option, the franchisees decided to sell substantially all of their assets under section 363 of the Bankruptcy Code. Two buyers, Star Realco Two, LLC and Star Partner Enterprises Two, LLC, purchased most of the restaurants in February 2012. But aside from a payment of $150,000 to KFCC, which partially paid down royalty amounts owed for the month of February 2012, KFCC received no direct sales proceeds. However, KFCC did receive substantial amounts from the two buyers in the form of new franchise fees.

Ultimately, KFCC filed suit against Kazi to recover under the Guaranties that he signed promising to repay KFCC for certain debts incurred by his entities. KFCC sought to recover on

---

[2] KFCC terminated the Kazi Michigan licenses in December 2010 over pre-petition defaults under various agreements. The other restaurants lost their licenses upon filing for bankruptcy, a default termination provision per the franchise agreements. *See* DN 1-6, ¶ 17.2(a).

five types of damages.[3] Kazi disputed the validity of the Guaranties under Kentucky law, arguing, in part, that the Guaranties did not satisfy the formalities required under KRS § 371.065(1). The Court disagreed and determined that KFCC was entitled to collect royalty payments, advertising payments, de-imaging costs, and equipment lease payments.[4] The Court stipulated, however, that KFCC's ability to recover on advertising payments and equipment leases would depend on proving that it was an intended beneficiary of the contracts with local advertising co-ops and equipment lessors.[5] The Court invited KFCC to submit a memorandum supporting its damages and Kazi to submit a reply.

For the most part, Kazi does not challenge KFCC's calculations of damages. There are some disputes concerning the calculation of late fees. More generally, Kazi asserts certain affirmative defenses that would block any recovery whatsoever. He wishes to conduct discovery on these defenses. Meanwhile, KFCC has argued that the prior bankruptcy proceedings in the foreground of this case have precluded Kazi's assertion of those defenses.

Kazi seeks to raise four different affirmative defenses. Two of those defenses[6] implicate business judgment and so are dismissed out of hand. Essentially, Kazi has challenged his liabilities under the Guaranties by claiming that KFCC's bad business decisions caused his restaurants to lose money. When officers make business decisions, this Court must presume that those decisions are made on an informed basis, in good faith, and in the belief that those actions are made in the best interests of the company. *Allen v. Lawyers Mut. Ins. Co.*, 216 S.W.3d 657,

---

[3] KFCC believes it is owed money for royalties, de-imaging costs, equipment leases, local co-op advertising fees, and ground lease monies. It also seeks certain late charges and costs, like attorneys' fees.
[4] DN 38 at 13.
[5] *Id.* at 13 n.19.
[6] Kazi argues that KFCC's decisions to push "Kentucky Grilled Chicken" and focus on China and other emerging markets at the expense of U.S. franchisees led to the failure of the Kazi entities. Both appear to be simple business judgments made by KFCC. Kazi has cited no legal authority supporting the viability of either his Grilled Chicken or China Defense.

660 (Ky. App. 2007)(citing *Spiegel v. Buntrock*, 571 A.2d 767, 774 (Del. 1990)). Kazi's trifles with KFCC's menu choices and strategic outlook do not negate his liability under the Guaranties.

II.

For his other two defenses, Kazi alleges that (1) KFCC conspired against his franchisee entities and engaged in anti-competitive business practices in violation of antitrust laws and (2) KFCC forced the Kazi Michigan restaurants to undergo unreasonable remodeling as a way of—Kazi seems to argue—financially crippling them. KFCC contends the doctrine of *res judicata* bars these claims.

The doctrine of *res judicata* applies where there is: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Wignet v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 577-78 (6th Cir. 2008)(citation omitted). The Court will consider each factor in turn and then consider whether precluding the claims in these circumstances is consistent with the overall policy goals of the doctrine.

A.

The first, second and fourth factors seem easily met in the *res judicata* analysis.

In *Wignet*, the Sixth Circuit considered whether bankruptcy sales are final decisions for *res judicata* purposes. The Court said that a "sale order signals an end to litigation in a bankruptcy proceeding, with the execution of the sale order the debtor's assets are judicially sold and no further litigation can be brought regarding those assets without forcing the court to undo the sale, an action of the very kind *res judicata* seeks to prohibit." *Id*. at 579. The confirmation of a bankruptcy plan, "has the effect of a judgment by the district court and *res judicata*

4

principles bar relitigation of any issues raised or that could have been raised in the confirmation proceedings." *Wignet*, 537 F.3d at 578. Since Kazi's restaurants were sold as part of the bankruptcy proceedings, there is no question that the order of sale constituted a final decision.

The second prong is also met. This case is both subsequent to the bankruptcy proceedings and includes the original parties or their privies. In bankruptcy proceedings, creditors and equity security holders are considered parties to the proceedings for *res judicata* purposes. *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481(6th Cir. 1992). KFCC, of course, was a creditor of the Kazi franchisee entities. Kazi fits within this conception because he was the sole shareholder of his franchisee entities and guaranteed the debts of those entities. *See id*. Kazi also counts as a privy because, in this context, privity "means a successor in interest to the party . . . ." *Wignet*, 637 F.3d at 577 (quotation omitted). As the guarantor of the entities, Kazi qualifies as a successor in interest to them.

Finally, the last requirement that there be an "identity of claims" is satisfied if "'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'" *Wignet*, 637 F.3d at 580 (citations omitted). There is no doubt that the affirmative defenses arose from the same transactions giving rise to Kazi's liability under the Guaranties.

B.

The third prong presents the closest question on the application of *res judicata*. The franchisee entities admitted that their inability to meet their obligations were due to the economic downturn and Kazi's own mismanagement:

> From 2007 through 2010, the economic downturn reduced customer traffic in the Debtors' restaurants, especially in Michigan where most of the outlets were located in very depressed urban cities, causing year over year sales to decline by over 7% per year. This reduced revenue, coupled [with] ineffective management

and poor financial controls, resulted in the Debtors defaulting in their obligation to the GE Affiliates and their obligations under their franchise agreements with KFC, as well as its advertising cooperative.

Amended Plan and Disclosure Statement at 29, *In re* Kazi Family LLC and Zubair Kazi, No. 11-43971, (Bankr. E.D. Mich. Aug. 27, 2012) DN 877. However, Kazi asserted much more specific defenses. *See, e.g.*, Motion to Assume or Reject Lease or Executory Contract, *In re* Kazi Family LLC and Zubair Kazi, No. 11-43971, (Bankr. E.D. Mich. June 9, 2011) DN 284 ¶¶ 12-17, DN 286 ¶¶ 15-20, DN 288 ¶¶ 12-17.

The manner in which Kazi and his entities challenged the franchise agreement defaults is pivotal. In bankruptcy proceedings, the Kazi entities challenged the assertion that their failure to make capital expenditures ("CapEx") to remodel restaurants constituted a default under the franchise agreements. *See, e.g., id*. They argued against default based on "(i) the express language of the Franchise Agreements, and (ii) the failure of KFC to uniformly and consistently enforce CapEx obligations against other non-debtor outlets." *See, e.g.,* Motion to Assume or Reject at 5-6, DN 286 ¶ 15. These arguments were apparently unpersuasive—the franchises were terminated and the restaurants were sold.

But now Kazi makes these exact arguments again. His current affirmative defenses, essentially, blame KFCC for everything. He says that the Kazi entities should never have owed anything, that they were never in default, and that the franchise agreements should never have been terminated. The bankruptcy court has already considered these affirmative defenses and found them wanting. Those arguments, if this Court were to adopt them, would directly contradict the bankruptcy proceedings.

The Sixth Circuit has said that any claim that could "conceivably have any effect on the estate being administered in bankruptcy" or "affect[] the debtors' rights or liabilities" is related

6

to the bankruptcy proceeding for *res judicata* purposes and should be litigated during the bankruptcy proceeding. *See Wignet*, 537 F.3d at 579 (citations omitted). Kazi was the sole shareholder of his franchisee entities, and as the guarantor of their debts to KFCC he had every incentive to raise any affirmative defenses to their underlying debt in the bankruptcy proceedings. He could have done so, he should have done so if he wanted to challenge their liabilities, and apparently he did. Moreover, the bankruptcy court apparently addressed these issues. In its order approving the sale of substantially all of the Kazi entities' assets, the court declared:

> All parties in interest had a reasonable opportunity to object to the relief requested in the Motion. All objections and responses to the relief requested in the Motion, and all reservations of rights included with such objections, that have not been withdrawn, waived, or settled, are overruled and denied on the merits. The parties who did not object or withdrew their objections to the Motion are deemed to have consented to the sale transaction contemplated under the Transaction Documents.

Order at 7, *In re* Kazi Family LLC and Zubair Kazi, No. 11-43971, (Bankr. E.D. Mich. Oct. 11, 2013) DN 673 ¶ 2. And the bankruptcy court also addressed whether KFCC's claims survived:

> The NCAC and KFC shall continue to maintain all rights against the Debtors and any *guarantors* or other obligors with respect to the amounts owed to NCAC and/or KFC, including, but not limited to, all amounts payable by *the guaranties* issued to NCAC and/or KFC in connection with the promissory notes issued to NCAC and/or KFC by the Debtors.

*Id*. at 16, DN 673 ¶ 34 (emphasis added).

Kazi has said that he had neither the incentive nor the real opportunity to raise these defenses in the bankruptcy proceedings. This seems to be more wishful thinking than consistent with the Sixth Circuit requirements. The appropriate times to challenge his entities' liabilities to KFCC were the bankruptcy proceedings. Because Kazi's claims are based on KFCC's pre-bankruptcy acts and omissions, "those claims would have had a direct effect on the assets in the bankruptcy proceeding." *Id*. at 579.

7

III.

Finally, the Court considers whether—beyond these four factor formalities—the application of *res judicata* in this case comports with the public policy goals behind the doctrine. *Res judicata* is "'not a mere matter of practice or procedure inherited from a more technical time than ours.'" *Id*. (citing *Federated Dep't. Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)). Rather, "'[i]t is a rule of fundamental and substantial justice . . . which should be cordially regarded and enforced by the courts . . . .'" *Id.* Public policy dictates "'that there be an end to litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" *Id*. at 578-79. Kazi had the opportunity to raise these defenses before the bankruptcy court, and that court apparently considered and rejected them. Whether Kazi should have made a more vigorous argument is not a concern at this point.

Kazi argues that, as a guarantor of his franchisee entities, he should be allowed to raise any affirmative defenses that those entities could have raised on an underlying suit for breach of contract because the entities are now defunct. He cites a Sixth Circuit case that said "guarantor[s] may assert the independent claim of the principal to set-off the creditor's claim against the guarantor where . . . the principal is insolvent." *Wallace Hardware Co. v. Abrams*, 223 F.3d 382, 402 (6th Cir. 2000). Since his franchisee entities are insolvent and filed for bankruptcy relief, he believes he should be permitted to assert the defenses the entities would otherwise have had against KFCC's claims.

However, eight years later *Wignet* addressed—and tempered—*Wallace Hardware*. *See Wignet*, 637 F.3d at 577. As the subsequent circuit panel explained, the "question before [it] in *Wallace Hardware* was whether the guarantor could assert breach-of-contract defenses ordinarily

reserved for the principal in an action brought by the creditor when the principal was insolvent." *Id*. (citation omitted). *Wallace Hardware* did not, however, "deal with *res judicata* and whether a final sale order in bankruptcy serves to bar any claims that a party to that proceeding could have brought at the time of sale." *Id*. (citation omitted). This case follows a final sale in bankruptcy. Looking back to reconsider the effect of KFCC's acts and omissions on the Kazi franchisee entities pre-bankruptcy could upset and undermine the decisions of the bankruptcy court.

Letting Kazi assert these affirmative defenses once again would essentially allow him to challenge and discredit the very factual and legal foundation of the previous bankruptcy adjudication. Consequently, the general policy underlying the doctrine of *res judicata* supports its application here. This Court therefore declines to entertain any affirmative defenses that would allow Kazi to "continue to litigate issues regarding the [bankruptcy] assets long after their sale, which is certainly an outcome worth prohibiting." *Wignet*, 637 F.3d at 579.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's request to assert affirmative defenses is DENIED and, therefore, his discovery requests are also DENIED. In a subsequent memorandum, the Court will consider the issue of damages.

cc:    Counsel of Record