UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-564-H

KFC CORPORATION     PLAINTIFF

V.

ZUBAIR M. KAZI     DEFENDANT

\*\*\*\*

CIVIL ACTION NO. 3:13-CV-291-H

KFC NATIONAL COUNCIL & ADVERTISING
COOPERATIVE, INC.     PLAINTIFF

V.

ZUBAIR M. KAZI     DEFENDANT

**MEMORANDUM OPINION AND ORDER**

The Court has previously decided that Zubair Kazi is liable under guarantees he signed with KFC National Council & Advertising Cooperative, Inc. ("NCAC"). The Court will now address the level of damages appropriate in the NCAC half of this consolidated case.

In its motion for summary judgment and damages, NCAC claimed that Kazi owed it $609,817.17 for a guaranty he signed for Kazi Foods of Florida, Inc. ("Kazi Florida"), $546,672.31 for a guaranty for Kazi Foods of Annapolis, Inc. ("Kazi Annapolis"), and $2,156,395.24 for a guaranty for Kazi Foods of New York, Inc. ("Kazi New York"). All of these debts were calculated as of September 15, 2014. For the Kazi Florida guaranty, NCAC seeks a per diem interest rate of $142.19 from September 15, 2014 until the day this order is entered. For the Kazi Annapolis guaranty, NCAC seeks a per diem interest of $127.47 from September

15, 2014 until the day this order is entered. And for the Kazi New York guaranty, NCAC seeks a per diem interest of $502.80 from September 15, 2014 until the day this order is entered. On each of the guaranties, NCAC seeks post-judgment interest at the statutory rate until paid in full as well as costs and reasonable attorneys' fees.

From the Court's understanding of Kazi's response to NCAC's damages requests, Kazi does not really take issue with any of NCAC's calculations. Instead, he based his response on arguments for affirmative defenses—that there was no meeting of the minds on the guaranty agreements, that there was no consideration, etc.—and not on any challenges to amounts due or interest owed. As such, the Court can only conclude that beyond the affirmative defenses Kazi wished to pursue, he does not challenge the amounts claimed by NCAC. Therefore, the Court feels it appropriate to grant NCAC's requested relief.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant, Zubair Kazi, owes Plaintiff KFC NCAC $609,817.17 for the Kazi Florida guaranty, at a per diem interest rate of $142.19 from September 15, 2014 until the day this order is issued. He will also owe post-judgment interest at the statutory rate until paid in full as well as costs and reasonable attorneys' fees.

IT IS FURTHER ORDERED that Defendant owes Plaintiff $546,672.31 for the Kazi Annapolis guaranty, at a per diem interest rate of $127.47 from September 15, 2014 until the day this order is issued. He will also owe post-judgment interest at the statutory rate until paid in full as well as costs and reasonable attorneys' fees.

IT IS FURTHER ORDERED that Defendant owes Plaintiff $2,156,395.24 for the Kazi New York guaranty, at a per diem interest rate of $502.80 from September 15, 2014 until the day

this order is issued.  He will also owe post-judgment interest at the statutory rate until paid in full as well as costs and reasonable attorneys' fees.

      IT IS FURTHER ORDERED that NCAC shall submit a proposed judgment for entry by this Court.  As part of that submission NCAC shall explain whether the judgment should be final and appealable.

cc:     Counsel of Record